**Ramiro GALLARDO CASTRO, Petitioner,**

v.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**Alberto GONZALES,\* Attorney General, Respondent.**

No. 03–74639.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.\*\*

Decided Feb. 22, 2005.

Ramiro Gallardo Castro, Santa Ana, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Blair T. O'Connor, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: FERNANDEZ, GRABER, and GOULD, Circuit Judges.

MEMORANDUM \*\*\*

Ramiro Gallardo Castro, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") affirmance of an immigration judge's denial of his application for cancellation of removal, for failure to establish ten years of continuous physical presence. We have jurisdiction under 8 U.S.C. § 1252. We review findings of fact for substantial evidence. *Vera–Villegas v. INS,* 330 F.3d 1222, 1230 (9th Cir.2003). We deny the petition for review.

Substantial evidence supports the BIA's determination that Gallardo Castro did not meet his burden of proving ten years of continuous presence in the United States. *See* 8 U.S.C. § 1229b(b). Because Gallardo Castro's testimony was internally incon-

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

sistent and was inconsistent with the testimony of his two witnesses, and he failed to provide any other corroborating evidence for the period in question, the record does not compel a different result. *See Chebchoub v. INS,* 257 F.3d 1038, 1043–44 (9th Cir.2001); *cf. Vera–Villegas,* 330 F.3d at 1234 (holding that inadequate documentary evidence did not necessarily bar cancellation of removal where oral and written testimony was otherwise sufficient).

**PETITION FOR REVIEW DENIED.**